BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**NATALIE K. WIGHT, OSB #035576**
natalie.wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00230-HZ |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **GERALD RYAN DAVIS,** | |
| Defendant. | Tuesday 8/25/20 @ 11:30 am |

The United States of America submits the following sentencing memorandum for the Court's consideration.  Defendant waived Indictment and pleaded guilty to a one-count Information charging travel with the intent to engage in criminal sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b).  The government recommends a sentence of 156 months, followed by a lifetime term of supervised release.  United States Probation recommends a sentence of 144

months, followed by a life term of supervised release. Defendant has requested a sentence of 120 months with a 120-month term of supervised release.

## FACTUAL BACKGROUND

The government concurs with the summary of facts in the Presentence Report (PSR) and recommends the Court use the fact summary as a basis for sentencing defendant.

In December 2014, the victim in this case was only 14 years old when Defendant Davis travelled across state lines to repeatedly sexually assault the victim. PSR ¶¶ 15-16. Defendant found his victim on a social media application and knew the victim was under age; and, would often provide the victim with alcohol during the encounters. *Id*. Defendant provided other minor victims with alcohol, in 2017, with the intent to engage in sexual contact. *Id*. at ¶¶ 19-25. Defendant was about 33 years old at the time—he was also a convicted sex offender.

Defendant Davis had been convicted in 2011 of sex abuse of a 17-year old minor, and was given a sentence of probation. PSR ¶ 48. While on probation, he repeatedly violated his conditions by contacting minor victims and was ordered to serve approximately two years in custody. *Id*. He was released in July 2014, and within five months he sexually assaulted the minor victim in this case. *Id*.

On January 31, 2017, local police officers executed a search warrant at defendant's home in St. Helens, Oregon. During this search, the defendant was placed in custody on state sex assault charges. The state charges were dismissed subsequent to the federal prosecution. While in custody, defendant admitted to the offense conduct. PSR ¶ 26. Defendant has remained in custody since his arrest.

On March 1, 2019, defendant waived indictment, and pleaded guilty on the federal charge, pursuant to a plea agreement, to a one-count Information charging travel with the intent to engage in criminal sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). The maximum sentence for a violation of 18 U.S.C. § 2423(b) is 30 years imprisonment, a fine up to $250,000, a term of supervised release from five years to life, and a mandatory fee assessment of $100.

## SENTENCING CONSIDERATIONS

### I.    Legal Standard

Although the sentencing guidelines are no longer binding, *United States v. Booker*, 543 U.S. 220 (2005), they still serve as the "starting point" and "initial benchmark" in every sentencing. *Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013). The guidelines are a statutory factor that sentencing courts must consider when imposing a sentence, 18 U.S.C. § 3553(a)(4), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United*

*States v. Rita*, 551 U.S. 338, 350 (2007).  The guidelines serve as a "lodestar" at sentencing and "anchor" the Court's discretion.  *Peugh,* 133 S. Ct. at 2083-84.

The remaining statutory considerations include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant.  18 U.S.C. § 3553(a)(1)-(2).  Other factors include "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); and, where applicable, the need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7).  *See also Rita*, 551 U.S. at 347-48.

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow.  The Court must first correctly determine the applicable sentencing guideline range.  *Id*. at 991.  The Court must also allow the parties to "argue for a sentence they believe is appropriate," and "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties."  *Id*.  The Court may not presume the guidelines are reasonable, and should not give them more or less weight than any other factor.  *Id*.  The Court "must make an individualized determination based on the facts,"

and explain its sentence "sufficiently to permit meaningful appellate review." *Id*. at 991-92.

## II.     Guidelines Application

### A.     Guidelines Calculation Summary

| Base Offense Level | 24 | |
|---|---|---|
| Use of a Computer | +2 | |
| Prohibited Sexual Conduct | +2 | |
| Obstruction of Justice | +2 | |
| Repeat and Dangerous Sex Offender | +5 | |
| Acceptance of Responsibility | -3 | |
| | | |
| Total Offense Level | 32 | |
| § 3553 Factors | -1 | |
| | | |
| Adjusted Offense Level | 31 | |
| Criminal History Category | III | IV |
| **Guidelines Range:** | **135 - 168 months** | **151 - 188 months** |
| | | |

### B.     Sentencing Recommendation

The government concurs with the guidelines computation as calculated in the PSR, but the government also recommends an additional one-level reduction and asserts that a 156-month mid-range sentence (regardless of Criminal History Level) is appropriate in this case. The U.S. Probation Office recommends a 144-month sentence. Defendant, pursuant to the plea agreement, requests a 120-month sentence with a 120-month term of supervised release. The government concurs

with U.S. Probation's recommendation for a lifetime term of supervised release to follow a sentence of imprisonment.

Defendant had just been released from serving time in prison when he sought-out and sexually assaulted a 14-year-old-victim. The concern to society is that defendant Davis has already shown that a short term of imprisonment is not sufficient to deter his predatory conduct. It only took a few months after his release to find another child victim, and this time he escalated his criminal sexual assault. He is a danger to the community, and the government's recommendation of 156 months reflects the seriousness of defendant's conduct. To the extent the Court is inclined to follow the 120 or 144-month recommendation of defendant or U.S. Probation, the government asserts that the more critical component of the Court's sentence is arguably the extended lifetime term of supervised release.

It is clear from Defendant's memoranda and clinical evaluation submitted for the Court's review, that he is only beginning to address personal struggles with sexuality and family relationships. He is characterized by the clinician on August 4, 2020, as "emotionally immature" with "poor insight into his feelings and behavior." While it is encouraging that defendant has started to realize the importance of mental health and sex offender treatment, there is no dispute he has a long way to go. Defendant has not yet asserted that he is ready to look beyond

his own struggles in order to acknowledge the harm and trauma he inflicted on the minor victims that he sexually assaulted.

For the purposes of plea negotiation, the government has already taken into account defendant's personal history, his rehabilitation needs, his acceptance of responsibility, and the government did not pursue a § 2260A statutory enhancement for prior sex offenders that might have added a mandatory 10 year sentence to run *consecutive* to defendant's sentence on the § 2423 charge.

Therefore, the government's recommended sentence of 156 months is sufficient, but not greater than necessary, to comply with all the factors set forth in 18 U.S.C. § 3553(a), to include, *inter alia*, defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant.

//

//

//

# CONCLUSION

For the reasons discussed above, the government recommends the Court impose a mid-range sentence of 156 months' imprisonment, followed by a lifetime term of supervised release. The government also requests the Court set a date for the final determination of any victim restitution 90 days from the date of the sentencing hearing.

Dated this 19th day of August 2020.	Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Natalie K. Wight*
**NATALIE K. WIGHT, OSB #035576**
Assistant United States Attorney